1 | BLAKE L. OSBORN (SBN 271849)
  | blake.osborn@dentons.com
2 | DOMINICK M. JAFFE (SBN 347898)
  | dominick.jaffe@dentons.com
3 | DENTONS US LLP
  | 601 South Figueroa Street, Suite 2500
4 | Los Angeles, CA 90017-5704
  | Telephone: 213.623.9300
5 | Facsimile: 213.623.9924

6 | Attorneys for Defendant
7 | Hubei Grand Life Science & Technology, Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN WAVE INGREDIENTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUBEI GRAND LIFE SCIENCE & TECHNOLOGY, CO., LTD, a Chinese corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:23-cv-09987<br><br>[Removed from Los Angeles Superior Court Case No. 23NWCV02893]<br><br>**DEFENDANT HUBEI GRAND LIFE SCIENCE & TECHNOLOGY, CO., LTD.'S NOTICE OF REMOVAL**<br><br>*[Filed concurrently with Declaration of Blake L. Osborn; Declaration of Huajun Sun; and Certificate of Interested Parties]* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hubei Grand Life Science & Technology, Co., Ltd., ("HGL"), through undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles (Norwalk Courthouse), to the United States District Court for the Central District of California.[1] Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, HGL states as follows:

## I. THE STATE COURT ACTION

1. On or about September 12, 2023, Plaintiff Green Wave Ingredients, Inc. ("Plaintiff" or "Green Wave") commenced this action against HGL by filing a form Complaint in the Superior Court of the State of California, County of Los Angeles, bearing Case No. 23NWCV02893. *See* Declaration of Blake L. Osborn ("Osborn Decl."), Exhibit A (Complaint).

2. The Complaint names as Defendants HGL and ten (10) fictitious "Doe" defendants. *See id.*, Ex. A.

3. Plaintiff alleges that it entered into a written contract with HGL whereby Plaintiff would purchase, for resale, large quantities of Taurine, an amino acid in powder form used in supplements and food additives. Plaintiff alleges that each purchase order was accompanied by a Certificate of Analysis ("COA"), which represented a three year "shelf life" for the Taurine. *See id.*, Ex. A at Attachment BC-1.

4. Plaintiff alleges that the Taurine failed to satisfy the COA's represented three-year shelf life. *Id.*, Ex. A at BC-2. Plaintiff alleges that the Taurine powder transformed into lumps, then agglomerated solid, and then finally into a sticky material

---

[1] By removing this action to this Court, HGL does not waive any defenses, objections, or motions available under state or federal law. Further, HGL expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service, improper venue, or forum *non conveniens*, and further reserves the right to move to compel arbitration.

which lowered the Taurine powder's quality and resulted in a loss of functionality. *Id.* Ultimately, Plaintiff alleges that Defendant breached its contracts for the sale of Taurine because the Taurine powder could not be sold. *Id.*

5. Based on the foregoing, Plaintiff alleges a first cause of action for breach of written contract and a second cause of action for common counts. *See id.*, Ex. A at 3-4.

6. The remaining state court filed documents are attached to the Osborn Declaration as Exhibit B.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

7. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) Plaintiff and Defendants are diverse; and (2) Plaintiff's claims put more than $75,000.00 in controversy, exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists Between the Parties

8. None of the Defendants is a citizen of the same state as Plaintiff. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

9. Plaintiff is, and at the time of filing this action was, incorporated in California. *See* Osborn Decl., Ex. A at ¶ 3.a.(1) (stating Plaintiff is "a corporation qualified to do business in California"); *id.*, Ex. C (Plaintiff's latest State of Information of Corporation filed with the California's Office of the Secretary of State); *id.*, Ex. D (Plaintiff's original articles of incorporation filed with California' Secretary of State in 2013); *see also* Declaration of Huajan Sun ("Sun Decl.") ¶ 4. Moreover, Plaintiff's principal place of business is also in California. *See* Osborn Decl., Ex. C (stating that Plaintiff's principal office is located at 13875 Cerritos Corporate Drive, Suite A, Cerritos, California 90703); *see also id.*, Exs. E & F (detailing that Plaintiff's brand name website lists its headquarters as Cerritos, California and confirms that Green Wave remains the company's legal name). Accordingly, Plaintiff is a citizen of the State of California for purposes of determining diversity of citizenship. *See* 28 U.S.C. §

3
DEFENDANT HUBEI GRAND LIFE SCIENCE & TECHNOLOGY, CO., LTD.'S NOTICE OF REMOVAL

1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

10. Defendant HGL is, and at the time of filing this action was, incorporated in China, organized and existing under the laws of the People's Republic of China. *See* Sun Decl. at ¶ 2. HGL's headquarters is located in Hubei Province, China. *Id.* Accordingly, HGL is a citizen of the nation of China for purposes of determining diversity of citizenship. *See* 28 U.S.C. § 1332(c)(1); *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 773-74 (9th Cir.1992) (holding that, for diversity purposes, foreign corporations are citizens of their places of incorporation and their principal places of business).

11. The citizenships of the Doe Defendants are not considered for purposes of determining diversity jurisdiction, as these are fictitious Defendants. *See* 28 U. S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

12. Accordingly, this action involves "citizens of different States." *See* 28 U.S.C. § 1332(c)(1). Because Plaintiff is a citizen of the State of California and no other defendant is a citizen of the State of California, including HGL, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.     The Amount in Controversy Requirement Is Satisfied**

13. It is facially evident from the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (finding that a judicial admission by the plaintiff that the amount in controversy is over the threshold is generally sufficient for federal court jurisdiction).

14. In its Complaint, Plaintiff prays for $451,680.00 in damages. *See* Osborn Decl., Ex. A at ¶ 10.a.

15. Additionally, Plaintiff seeks attorney's fees and interest allowed by law. Osborn Decl., Ex. A at ¶ 10.b.-c.

16. Based on the nature of the alleged injuries and the claims, it is facially evident from the allegations in the Complaint that Plaintiff seeks in excess of $75,000.00, and that the amount in controversy under 28 U.S.C. § 1332 is therefore satisfied. *See Singer*, 116 F.3d at 377; *see also Ayala v. Am. Airlines, Inc.*, 2023 WL 6534199, at *2 (C.D. Cal. Oct. 6, 2023) (finding the statement of damages that clearly states plaintiff seeks a total of $395,000 signed by plaintiff's counsel was a judicial admission sufficient for defendant to meet its burden of showing that the amount in controversy is more likely than over $75,000).

## III. HGL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which allows a defendant to remove a case within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

18. HGL was allegedly served on October 26, 2023. The thirty (30) day deadline to file a notice of removal would therefore have fallen on November 26, 2023; however, because that date was a Sunday, the deadline for removal is the next business day of November 27, 2023. See Fed. R. Civ. P. 6(a)(1)(C) (if period of time is calculated in days and if deadline falls on a Saturday, Sunday, or legal holiday, deadline rolls over to the next day that is not a weekend or holiday); *see also* Fed. R. Civ. P. 26(a). Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19. Additionally, this Notice of Removal is being filed within one year of commencement of the action. *See* 29 U.S.C. § 1446(c)(1).

20. As there are no other defendants involved, HGL need not seek consent of any other Defendants for removal. *See generally* Osborn Decl., Ex. A.

21. The Superior Court of the State of California, County of Los Angeles is located within the United States District Court for the Central District of California. *See*

28 U.S.C. §§ 84(c)(2); 1441(a).

22. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings filed in the action are attached as Exhibit B to the Declaration of Blake L. Osborn.

23. No previous application has been made for the relief requested herein.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

25. By removing this action to this Court, HGL does not waive any defenses, objections, or motions available under state or federal law.

ACCORDINGLY, HGL removes this action and gives notice to Plaintiff and the Superior Court of California, County of Los Angeles, that the State Court Action is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b)(1) and shall proceed no further pursuant to 28 U.S.C. § 1446(d).

DATED: November 27, 2023                    DENTONS US LLP

By: _____
     Blake L. Osborn

Attorneys for Defendant Hubei Grand Life Science & Technology Co., LTD.